IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 14, 2005 Session

## ROBERT C. deJAEGER v. JENNIFER deJAEGER

**Direct Appeal from the Circuit Court for Wilson County**
**No. 4227DV     Clara Byrd, Judge**

_____

**No. M2004-00529-COA-R3-CV - Filed September 12, 2005**

_____

The parties were divorced based on stipulated grounds. Husband appeals the award of property to Wife. We reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Shawn J. McBrien, Lebanon, Tennessee, for the appellant, Robert C. deJaeger.

James L. Curtis, Nashville, Tennessee, for the appellee, Jennifer deJaeger.

**OPINION**

The facts of this case are largely undisputed. The parties, Robert C. deJaeger (Husband) and Jennifer deJaeger (Wife), were married on June 22, 1999, after a ten-year relationship. They separated three and one-half years later. Both parties filed for divorce on April 1, 2003. Wife was 32 years of age; Husband was 43. No children were born of the marriage. Both parties are employed. During the course of the marriage, the parties maintained separate accounts and paid their own bills. The trial court entered a final decree of divorce in February 2004, declaring the parties divorced pursuant to Tennessee Code Annotated § 36-4-129.[1] It valued the marital estate at $84,000 and divided the estate equally between the parties. Forty-three thousand dollars ($43,000) of the

---

[1]Tennessee Code Annotated § 36-4-129 provides:

(a) In all actions for divorce from the bonds of matrimony or legal separation the parties may stipulate as to grounds and/or defenses.

   (b) The court may, upon stipulation to or proof of any ground for divorce pursuant to § 36-4-101, grant a divorce to the party who was less at fault or, if either or both parties are entitled to a divorce, declare the parties to be divorced, rather than awarding a divorce to either party alone.

estate was equity in real property owned by Husband prior to the marriage. Husband appeals. We reverse and remand.

**Issue Presented**

The issue as presented by Husband for our review is whether the trial court erred "in determining the marital property of the parties."

**Standard of Review**

We review the trial court's findings of fact *de novo*, with a presumption of correctness. Tenn. R. App. P. 13(d); *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). We will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id.* Insofar as the trial court's determinations are based on its assessment of witness credibility, appellate courts will not reevaluate that assessment absent evidence of clear and convincing evidence to the contrary. *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002). Our review of the trial court's conclusions on matters of law, however, is *de novo* with no presumption of correctness. *Taylor v. Fezell,* 158 S.W.3d 352, 357 (Tenn. 2005). We likewise review the trial court's application of law to the facts *de novo*, with no presumption of correctness. *State v. Thacker*, 164 S.W.3d 208, 248 (Tenn. 2005).

**Analysis**

Before dividing marital property, the court must first classify the parties' property as separate or marital. *Batson v. Batson*, 769 S.W.2d 849, 856 (Tenn. Ct. App.1988); Tenn. Code Ann. § 36-4-121(a)(2001 & Supp. 2004). Separate property remains the property of the spouse who owns it, but the court must divide marital property equitably. *Sullivan v. Sullivan*, 107 S.W.3d 507, 511 (Tenn. Ct. App. 2002). An equitable division of marital property must reflect consideration of the factors enumerated in the Tennessee Code, including the duration of the marriage, the value of the separate property held by each spouse, and the estate of each party at the time of the marriage. Tenn. Code Ann. § 36-4-121(c)(1)(6)(7)(Supp. 2004). The Code expressly stipulates that fault is not to be regarded in the division of property. Tenn. Code Ann. § 36-4-121(a)(1)(Supp. 2004). Trial courts are vested with a great deal of discretion when classifying and dividing the marital estate, and their decisions are entitled to great weight on appeal. *Sullivan*, 107 S.W.3d at 512. Accordingly, unless the court's decision is contrary to the preponderance of the evidence or is based on an error of law, we will not interfere with the decision on appeal. *Id.*

In this case, Husband asserts the trial court erred in "determining the marital property of the parties." Husband's brief, however, is dedicated to whether the trial court erred in awarding Wife one-half the equity in real property owned by Husband prior to the marriage. Husband argues that, although the parties resided on the property during and just prior to their marriage, he purchased the real property before the marriage with the assistance of a loan from his father; the home was constructed before the marriage; it was furnished with furniture from his business; and Wife did not

make any substantial contribution to the property. He asserts he has been repaying the loan made by his father and that Wife has not contributed to the increased value of the home. Husband's argument, as we perceive it, is that the trial court erred in classifying the real property as marital property and dividing it equally between the parties.

Wife, on the other hand, asserts that, although Husband purchased the property in May 1998, before the marriage, the parties lived in the home before and during their marriage. She asserts that the parties added a solarium, shed and patios, painted, and otherwise improved the property after the marriage, although Husband asserts that he paid for these improvements. She further asserts she initially paid Husband a house note of $500 per month, but later stopped these payments and paid for all the household utilities and groceries. Husband denies these payments were made. Wife further asserts that loan amounts paid by Husband to his father are "interest only," and that the principal has been deferred and would be forgiven should Husband's father pass away. Wife asserts that even if the property is Husband's separate property, the appreciation in its value is marital property.

The Tennessee Code defines separate property as:

(A) All real and personal property owned by a spouse before marriage, including, but not limited to, assets held in individual retirement accounts (IRAs) as that term is defined in the Internal Revenue Code of 1986, as amended;
(B) Property acquired in exchange for property acquired before the marriage;
© Income from and appreciation of property owned by a spouse before marriage except when characterized as marital property under subdivision (b)(1);
(D) Property acquired by a spouse at any time by gift, bequest, devise or descent;
(E) Pain and suffering awards, victim of crime compensation awards, future medical expenses, and future lost wages; and
(F) Property acquired by a spouse after an order of legal separation where the court has made a final disposition of property.

Tenn. Code Ann. § 36-4-121(b)(2)(Supp. 2004). The Code additionally provides that

"Marital property" includes income from, and any increase in value during the marriage of, property determined to be separate property in accordance with subdivision (b)(2) if each party substantially contributed to its preservation and appreciation, and the value of vested and unvested pension, vested and unvested stock option rights, retirement or other fringe benefit rights relating to employment that accrued during the period of the marriage.

Tenn. Code Ann. § 36-4-121(b)(1)(B)(Supp. 2004). Thus, an increase in the value of separate property is deemed to be marital property "if each party substantially contributed to its preservation and appreciation." *Id.* If the trial court finds the non-owning spouse has substantially contributed

to the preservation and appreciation of the value of separate property, it is within the court's discretion to consider the increase in marital property and to divide it accordingly. *Powell v. Powell*, 124 S.W.3d 100, 106 (Tenn. Ct. App. 2003). The Code defines substantial contribution as including, but not limited to, the direct or indirect contribution of a spouse as homemaker, wage earner, parent or family financial manager, together with such other factors as the court having jurisdiction thereof may determine. Tenn. Code Ann. § 36-4-121(b)(1)(D)(Supp. 2004). Additionally, although the duration of the marriage is but one of several factors for consideration by the court in dividing property equitably, the short duration of a marriage carries more weight where the property was acquired before the marriage and the non-owning spouse had little opportunity to contribute to the appreciation of its value. *Powell*, 124 S.W.3d at 108.

In this case, it is undisputed that the real property was owned by Husband before the marriage and that Wife was never included on the deed. Further, it is clear from the record that the parties did not combine their separate property or financial assets, but continued to be responsible for most of their own expenses throughout the course of the marriage. Based on our review of the record , including the parties' testimony, there was almost no sharing of expenses or intermingling of the parties' assets. The real property clearly was and remained Husband's separate property. Further, although Wife asserts she paid Husband rent-like house payments of $500 per month for a period of time, even assuming, *ad arguendo*, that she did so, there is nothing in the record to indicate that Wife made any substantial contribution to the preservation or appreciation of the value of the real property.

## Holding

In light of the foregoing, we reverse the award of one-half the value of the real property to Wife. The evidence clearly preponderates in favor of a finding that the real property was Husband's separate property and that Wife did not make a substantial contribution to the increase in its value. Because Tennessee Code Annotated § 36-4-121(c)(6) provides that the amount of property held as separate property by each party is an element to be considered by the court in equitably distributing marital property, we remand this action for reconsideration of the division of marital property consistent with this opinion. Wife requests an award of attorney's fees on appeal. We decline. Costs of this appeal are taxed to the Appellee, Jennifer deJaeger.

_____
DAVID R. FARMER, JUDGE